FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 28 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

DIALLO D'HURVAN PALMER,

Defendant.

12-CR-797

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On March 19, 2013, Diallo D'Hurvan Palmer pled guilty to a lesser-included offense within the first count of a two-count indictment. The first count of the indictment charged that on November 30, 2012, within the Eastern District of New York and elsewhere, defendant Palmer knowingly and intentionally imported heroin into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(A).

Palmer was sentenced on August 6, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between thirty-seven and forty-six months. The offense to which the defendant pled guilty carries a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 960(b)(3). The maximum fine that could have been imposed was $1,000,000. *See id.*

Palmer was sentenced to eight months in prison. A special assessment of $100 was imposed, as well as a supervised release term of three years.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). The offense to which the defendant pled guilty is an extremely serious one. On November 30, 2012, defendant Palmer arrived at John F. Kennedy International Airport on a flight originating from Nairobi, Kenya. Through a customs examination it was discovered that the defendant had swallowed approximately fifty pellets containing heroin. Palmer deliberately planned his trip to Kenya in order to import the drug through this dangerous method.

Other considerations, however, support the imposition of a non-Guidelines sentence. The defendant is twenty-eight years old, a citizen of the United States, and has one year of college education. He is highly intelligent and talented, having completed approximately fifty credits in college with a good academic record. After his parents divorced when he was five years old, the defendant was raised by his father under moderate economic circumstances. He has good relationships with his siblings. When his father unexpectedly passed away two years ago, the defendant assumed his financial and familial obligations, including paying his father's mortgage and caring for his elderly grandmother. Ultimately, however, his father's house went into foreclosure. At the time of the instant offense, the defendant was living there without water or electricity because the services had been terminated. Despite these hardships, Palmer has maintained consistent employment for the last seven years. He now works three jobs, including in audio engineering at a music store. After the defendant's arrest for this offense, he cooperated with the government as part of a larger investigation. His cooperation would have continued had he not received threats to his life.

In view of the defendant's probability of success and career, an eight-month term of incarceration is appropriate. The sentence will promote respect for the law, and will provide just punishment. *See id.* § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term of imprisonment imposed. Specific deterrence is achieved by incarceration and the shame of a felony conviction. The defendant appears clearly remorseful for his criminal behavior.

Jack B. Weinstein
Senior United States District Judge

Dated: August 20, 2013
Brooklyn, New York